THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHIAKI MASHBURN and TADAAKI HAYAKAWA<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>Defendant. | CASE NO. C11-0179-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment and alternative motion to dismiss (Dkt. No. 10), Plaintiffs' response (Dkt. No. 15), and Defendant's reply (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.** BACKGROUND

In 2007, Plaintiffs Tadaaki Hayakawa and Chiaki Mashburn jointly owned property located at 13320 SE 44th Place, Bellevue, WA. (Dkt. No. 15 at 1.) On July 20, 2007, Plaintiff Hayakawa signed a quitclaim deed, conveying his interest in the property to his daughter, Plaintiff Mashburn. (*Id.*) Plaintiffs recorded the quitclaim deed on August 7, 2007. (*Id.*) On July 31, 2007, Plaintiff Mashburn individually obtained a refinance loan from World Savings Bank, F.S.B., and signed a deed of trust granting the bank a first position lien against the property to secure the loan. (*See* Dkt. No. 12-1.) On July 31, 2007, Plaintiff Mashburn also received and

signed a notice of right to cancel that informed her that she could cancel or rescind the loan until midnight on August 3, 2007. (*See* Dkt. No. 12-3.)

Plaintiff Mashburn defaulted on her loan in 2009. Following her default, Plaintiff Mashburn began a loan modification application, but she failed to respond to at least two written requests from Defendant Wells Fargo Bank asking her to supply required information. (*See* Dkt. No. 13 at 2.) In July 2010, Plaintiff Mashburn submitted a request to rescind the loan. (Dkt. No. 15 at 3.) Defendant denied her request as untimely. (Dkt. No. 10 at 2.) In November 2010, Plaintiff Mashburn requested information in the form of a qualified written request under the Real Estate Settlement Procedures Act (RESPA) and again asked to rescind her loan. (*Id.* at 3.) Defendant replied, providing explanations and loan information and denied her rescission request. (*Id.*)

**II.** DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of the law." Fed. R. Civ. P. 56(a). A defendant is entitled to move for summary judgment by alleging that the nonmoving party has failed to make a sufficient showing on an essential element of his or her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). To overcome such a motion, the plaintiff bears the burden of producing evidence with respect to the identified element. "One of the principal purposes of the summary-judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to test the formal sufficiency of an opponent's claim for relief by bringing a motion to dismiss for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint has stated a claim "plausible on its face" when it "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing Defendant's motion, then, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross "the line between possibility and plausibility of 'entitlement to relief'": if the facts are merely consistent with Defendant's liability but cannot ground a reasonable inference that Defendant actually is liable, the motion to dismiss will succeed. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### A. Plaintiff Hayakawa's Claims

Defendant alleges that Plaintiff Hayakawa lacks standing under all of the federal statutory claims asserted in Plaintiffs' complaint and under all of the state law claims, since those claims depend entirely on the federal statutory claims. (Dkt. No. 10 at 4–5.) Specifically, Defendant contends that Plaintiff Hayakawa lacks standing because he was not an "obligor" under the Truth in Lending Act (TILA), a "borrower" under RESPA, or an "applicant" under the Equal Credit Opportunity Act (ECOA). (*Id.*) The Court agrees.

TILA requires a creditor to disclose certain terms, charges, and other items related to a credit transaction "to the person who is obligated on a consumer lease or a consumer credit transaction." 15 U.S.C. § 1631(a). When the consumer credit transaction is secured by the "principal dwelling of the person to whom credit is extended," the creditor must disclose to the obligor that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C. 1635(a). If the creditor does not make the proper disclosures to the obligor, the "obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property." 18

U.S.C. 1635(f). The right of rescission extends to "each consumer whose ownership interest is or will be subject to the security interest." 12 C.F.R § 226.15(a).

Plaintiffs allege that Plaintiff Hayawaka had an ownership interest in the property at the time the property was refinanced, thus requiring Defendant to notify Plaintiff Hayakawa of his right to rescind. (Dkt. No. 15 at 2–3.) However, on July 20, 2007, Plaintiff Hayakawa conveyed the property to Plaintiff Mashburn by signing a quitclaim deed. (*Id.* at 1.) While the quitclaim deed was not recorded until August 7, 2007 (a week after the refinancing), the recordation date is irrelevant. In Washington, a quitclaim deed conveys all of the grantor's interest in property upon delivery of the deed unless the deed provides for the reservation of rights. *See* Wash. Rev. Code § 64.04.050. Recordation is not mandatory for a deed to be valid and enforceable. *See* Wash. Rev. Code § 65.08.070 ("A conveyance of real property . . . *may* be recorded in the office of the recording officer of the county where the property is situated.") (emphasis supplied). The purpose of recordation is "to make a deed recorded first superior to any unrecorded conveyance of the property unless there is actual knowledge of an unrecorded transfer." *Altabet v. Monroe Methodist Church*, 777 P.2d 544, 545 (Wash. Ct. App. 1989). Thus, when Plaintiff Mashburn refinanced the loan on July 31, 2007, Plaintiff Hayakawa no longer had an interest in the property and had no right to rescind the transaction. Accordingly, Defendant was not required to notify Plaintiff Hayakawa of a right to rescind when he had no such right. Since Plaintiff Hayakawa was not an obligor on the loan and had no right of rescission, Plaintiff Hayakawa does not have standing to bring the present TILA claim.

Plaintiff Hayakawa also does not have standing to bring the RESPA or ECOA claims since he was not a borrower and did not apply for a loan. RESPA requires creditors to make certain disclosures and respond to certain inquiries by borrowers, including responding to qualified written requests by borrowers. *See* 12 U.S.C. § 2605. Plaintiff Mashburn was the only borrower on the loan at issue. (*See* Dkt. No. 12-1 at 2.) Plaintiff Hayakawa was not a borrower and, thus, was not entitled to receive any disclosures or responses from Defendant under RESPA.

ECOA prohibits discrimination against applicants to credit transactions. 15 U.S.C. § 1691. Under ECOA, the term "applicant" means "any person who applies to a creditor directly for an extension, renewal, or continuation of credit or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). Only Plaintiff Mashburn applied for the loan at issue. Plaintiff Hayakawa was neither a borrower nor an applicant and is not entitled to any relief under RESPA or ECOA.

Since Plaintiff Hayakawa was not a borrower, applicant for a loan, and had no interest in the property, he also has no standing to bring the other claims in the complaint, all of which rely upon the assumption that he had an interest in the property or was a borrower or applicant for the loan. Accordingly, the Court dismisses with prejudice all of Plaintiff Hayakawa's claims for lack of standing.

**B.    Plaintiff Mashburn's Claims**

**1.   TILA Rescission Claim**

Plaintiff Mashburn's TILA rescission claim is time-barred. TILA provides borrowers with the right to rescind certain consumer transactions. 15 U.S.C. § 1635(a). The rescission right extends to "each consumer whose ownership interest is or will be subject to the security interest." 12 C.F.R. § 226.15(a). If each such consumer receives notice of his rescission right in accordance with 12 C.F.R.§ 226.15(b), the right to rescind expires at midnight of the third business day following the consummation of the credit transaction. 15 U.S.C. § 1635(a). If each consumer is not properly provided notice of his rescission right, his right of rescission expires three years after the consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f).

Here, Plaintiff Mashburn does not dispute that Defendant provided her with the requisite two copies of the notice of right to cancel.[1] (*See* Dkt. No. 16 at 2.) However, Plaintiffs contend

---

[1] While Plaintiffs' response states that Plaintiff Mashburn denies the presumption that she received two copies of the notice of right to cancel, Plaintiff Mashburn's declaration, which was

that Plaintiff Hayakawa retained an interest in the property at the time of the refinancing and, thus, that Defendant was required to provide Plaintiff Hayakawa with notice of his rescission right. (Dkt. No. 15 at 3.) However, as discussed above, Plaintiff Hayakawa conveyed any interest he had in the property to Plaintiff Mashburn on July 20, 2007, when he signed the quitclaim deed. Thus, Plaintiff Hayakawa had no interest in the property at the time of the refinancing and no rescission right. Defendant was not required to provide him notification of a right that he did not possess. Accordingly, Plaintiff Mashburn's rescission right expired on August 3, 2007, the third business day after the consummation of the refinancing. Plaintiff's requests in July and November 2010 to rescind the transaction were untimely. The Court grants Defendant summary judgment on Plaintiffs' TILA rescission claim.

### 2. Claims Relying Entirely on TILA Rescission Claim

Plaintiffs' first cause of action is for breach of contract, breach of covenant of good faith and fair dealing, and specific performance. (Dkt No. 1 at 7.) The first cause of action relies entirely on Plaintiffs' claim that Defendant failed to provide the requisite disclosures and that Defendant wrongfully rejected Plaintiff Mashburn's rescission requests in July and November 2010. However, as the Court concluded above, Plaintiffs' rescission request was untimely and, thus, Plaintiffs' TILA rescission claim fails. Since Plaintiffs' TILA claims fail, Plaintiffs' first cause of action, which is completely dependent on the TILA claim also fails. Defendant did not breach a contract with Plaintiffs, did not breach a covenant of good faith and fair dealing, and Plaintiffs are not entitled to specific performance. Accordingly, the Court grants Defendant summary judgment on Plaintiffs' first cause of action.

Plaintiffs' fourth cause of action for declaratory relief, fifth cause of action to quiet title,

---

attached to the response, states exactly the opposite. In her declaration, Plaintiff Mashburn declares, under penalty of perjury, that she "received two copies of the Notice of Right to Cancel." (Dkt. No. 16 at 2.) Additionally, at the time of the execution of the refinancing, Plaintiff specifically acknowledged in writing that she received the two copies. (Dkt. No. 12-3 at 2.) The Court accepts her declaration and signed acknowledgement as true.

sixth cause of action for slander of title, and seventh cause of action for violation of the Federal Fair Debt Collections Practices Act similarly rely entirely on Plaintiffs' assumption that they were entitled to a rescission of the agreement. (*See* Dkt. No. 1 at 13–16.) Since the Court concluded that Plaintiffs' rescission request was untimely, the Court grants Defendant summary judgment on Plaintiffs' fourth, fifth, sixth, and seventh causes of action.

### 3. TILA Damages Claim

Plaintiffs allege a number of other TILA violations, including failure to state due dates of payments, failure to include an itemization of amount financed, and failure to state the number of payments that Plaintiff Mashburn was to make under the loan. (Dkt. No. 1 at 11–12.) However, Plaintiffs' TILA damages claim is time barred.

An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) (applying a one-year limitations period for TILA claims). In *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899 (9th Cir. 2003), the Ninth Circuit affirmed summary judgment dismissing a TILA claim as time barred. The court reasoned that, because the failure to make the required disclosures occurred, if at all, at the time the loan documents were signed, the plaintiffs were in full possession of all information relevant to the discovery of a TILA violation on the day that the loan papers were signed and the limitations period expired one year from that day. *Id.* at 902.

Similarly, Plaintiffs in this case were in full possession of all information relevant to the alleged TILA violation on July 31, 2007, the day that Plaintiff Mashburn signed the loan papers. Thus, the limitations period expired one year later on July 31, 2008. Plaintiffs initiated the present action in February 2011, more than two years after the limitations period expired. Plaintiffs' TILA damages claim is time barred and the Court dismisses Plaintiffs' TILA damages claims with prejudice.

//

### 4. RESPA Claim

Plaintiff Mashburn alleges that, on November 6, 2010, Plaintiffs submitted a qualified written request under RESPA to Wachovia Mortgage, the current note holder. (Dkt. No. 1 at 6.) Plaintiffs allege that they received no response to that request and, thus, that Defendant violated RESPA. (*Id.* at 6, 9.) RESPA requires loan servicers, upon receiving a qualified written request from a borrower, to respond within "20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A).

According to Defendant, Defendant received correspondence from Plaintiff Mashburn on November 12, 2010. (*See* Dkt. No. 11-1 at 2.) On November 26, 2010, Defendant provided a response to Plaintiff Mashburn, including explanations of the ownership of the loan and of Defendant's refusal to accept a rescission, a copy of the promissory note, and contact information should Plaintiff Mashburn have additional questions. (*Id.* at 2–26.) Defendant's response was timely and appears to be adequate. *See* 12 U.S.C. § 2605(e)(2)(C). Plaintiffs do not refute these facts. Thus, Plaintiffs fail to make a sufficient showing that Defendant did not respond to their qualified written request, an essential element of their RESPA claim. Accordingly, the Court grants Defendant summary judgment on Plaintiffs' RESPA claim.

### 5. ECOA Claim

Plaintiffs assert that Defendant committed ECOA violations by not providing certain disclosures at the time of the initial loan application and by not providing disclosures and notice of adverse action when Plaintiffs sought pre-default loan assistance. (Dkt. No. 1 at 18–21.) ECOA creates a right of action against a creditor who discriminates against an applicant "with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691. ECOA provides, "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). "Adverse action" is defined as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in

substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). "Adverse action" does not include "a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit." *Id.*

To assert a claim under ECOA, Plaintiffs must allege that: (1) they are members of a protected class; (2) they applied for credit with defendants; (3) they qualified for credit; and (4) they were denied credit, despite being qualified. *Hafiz v.Greenpoint Mortg. Funding, Inc.*, 652 F.Supp. 2d 1039, 1045 (N.D. Cal. 2009) (citing decisions of the Third, Fifth, and Tenth Circuits); *see also Shiplet v. Veneman*, 620 F.Supp. 2d 1203, 1232 (D. Mont. 2009). Plaintiffs' ECOA claim fails because Defendant granted Plaintiff Mashburn credit and Defendant did not take any adverse action against Plaintiff Mashburn.

In considering Plaintiffs' allegation that Defendant violated ECOA by not providing Plaintiff Mashburn with certain disclosures at the time of the loan application, Plaintiffs' claim fails on summary judgment review. Plaintiff Mashburn applied for credit with Defendant and was granted such credit, as evidenced by her obtaining the refinancing loan. Thus, Plaintiffs fail to make a sufficient showing on an essential element of their claim—that Plaintiff Mashburn was denied credit despite being qualified.

Plaintiffs' claim that Defendant violated ECOA by not providing later disclosures and notice of adverse action also fails upon summary judgment review. Plaintiff Mashburn sought pre-default loan assistance in the form of a loan modification. Defendant's denial of the loan modification does not constitute an adverse action, because it was a refusal to extend additional credit under an existing credit arrangement where the applicant was delinquent. Such a refusal is explicitly excluded from ECOA's definition of adverse action. 15 U.S.C. § 1691(d)(6). Since Defendant's refusal was not an adverse action, Defendant was not required to make disclosures regarding the refusal. Accordingly, Plaintiffs' ECOA claims fails.

//

### 6. Fraudulent Inducement and Concealment and Consumer Protection Act Violation Claims

Federal savings banks are subject to the Home Owners' Loan Act (HOLA) and regulated by the Office of Thrift Supervision (OTS). 12 U.S.C. § 1464; *Silvas,* 415 F.3d at 1005. As a national bank, Defendant Wells Fargo is not itself subject to HOLA or regulated by OTS. *See Bank of America v. City and County of San Francisco*, 309 F.3d 551, 561–62. (9th Cir. 2002). However, Plaintiff Mashburn's loan originated with World Savings Bank, which was a federal savings bank subject to HOLA and OTS regulations. (Dkt. No. 1 at 1.) World Savings changed its name to Wachovia Mortgage, F.S.B., and merged into Defendant Wells Fargo. (Dkt. No. 12 at 2.) HOLA still applies to this action because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations. *See Khan v. World Savings Bank, F.S.B.*, No. 10-CV-04305, 2011 WL 133030, at *2–3 (N.D. Cal. Jan. 14, 2011); *Lopez v. Wachovia Mortg.*, No. 10-01645, 2010 WL 2836823, at 2 (N.D. Cal. July 19, 2010). The OTS promulgated regulations providing that HOLA preempts state laws for certain credit activities. 12 C.F.R. § 560.2 The list of areas that are specifically preempted includes all state laws relating to the terms of credit, disclosures and advertising, security property, and processing mortgages. 12 C.F.R. § 560.2(b).

Here, HOLA and OTS preempt Plaintiffs' state law claims for fraudulent inducement and concealment and for violations of Washington's Consumer Protection Act. *See Silvas*, 514 F.3d at 1004–05 (finding that California's consumer protection act was preempted by HOLA); *see also Fultz v. World Savings and Loan Ass'n*, 571 F.Supp 2d 1195, 1198 (W.D. Wash. 2008) (finding that HOLA preempts state law fraud, emotional distress, fiduciary duty, and Consumer Protection Act claims that were based on the defendant's alleged failure to provide meaningful and timely disclosures); *Sharma v. Wachovia*, No. 10-CV-2274, 2011 WL 66506, at *3 (E.D. Cal. Jan. 7, 2011) ("Because all of Plaintiffs' state claims [breach of contract, unjust enrichment, and violations of consumer protection statute] involve types of law listed in paragraph 560.2(b),

all of Plaintiffs' claims are preempted by HOLA and must be dismissed.") Here, Plaintiffs' state law fraudulent inducement and concealment claim and Consumer Protection Act claim are based on Defendant's alleged failure to provide meaningful and timely disclosures, which is specifically listed in paragraph 560.2(b) as an area where HOLA preempts state law. Accordingly, Plaintiff's claims are preempted by HOLA. The Court dismisses Plaintiffs' claims for fraudulent inducement and concealment and for Consumer Protection Act violations with prejudice.

**III.** CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and alternative motion to dismiss (Dkt. No. 10). The Court dismisses all of Plaintiffs' claims with prejudice.

DATED this 19th day of July 2011.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE